```
                IN THE UNITED STATES DISTRICT COURT
                  FOR THE SOUTHERN DISTRICT OF OHIO
                           WESTERN DIVISION

Tamera K. Sears, et al..         )
                                 )
                Plaintiffs,      ) Case No. 1:04-CV-215
                                 )
     vs.                         )
                                 )
The Union Central Life           )
Insurance Company,               )
                                 )
                Defendant.       )
```

O R D E R

This matter is before the Court on Defendant Union Central Life Insurance Company's motion to dismiss (Doc. No. 10) and Plaintiff Kim Sears, et al.'s motion to strike Defendant's Exhibit A from Defendant's motion to dismiss (Doc. No. 13).  For the reasons that follow, Defendant's motion to dismiss is well-taken and is **GRANTED**;  Plaintiff's motion to strike Defendant's Exhibit A is **MOOT.**

Despite the relative heft of the pleadings and accompanying exhibits, the issue presented by Plaintiffs' complaint and Defendant's motion to dismiss is straightforward. Plaintiffs were employed by Union Central Life Insurance Company ("Union Central") and were participants in the Union Central Severance Plan Number 510 ("the Plan").  Complaint ¶¶ 13-15.  The Plan is a "welfare benefit plan" under the Employee Retirement Income Security Act of 1974 ("ERISA").  Id. ¶ 11.  Prior to March

1

2003, the Plan paid severance benefits to participants who were terminated when their jobs were eliminated for reasons other than just cause.  On March 17, 2003, however, Union Central amended the Plan to provide that in the event Union Central sold a business unit to a buyer, participants who were offered substantially similar jobs with the buyer would not be entitled to severance benefits.  Id. ¶ 23.

On March 19, 2003, Union Central sold Plaintiffs' business unit to American United Life Insurance Company ("AUL").  Plaintiffs were offered and accepted jobs with AUL.  Id. ¶ 38.  Plaintiffs allege that their salaries and benefits, work schedules, and other terms of employment with AUL are materially and substantially different from those they had with Union Central.  Id. ¶ 39.  Plaintiffs were advised in meetings with representatives of Union Central that they would not receive severance benefits if they received an offer of similar employment from AUL.  Id. ¶ 8.  Union Central terminated Plaintiffs' on May 21, 2003, but not for cause.  Id. ¶¶ 36-37.

The summary plan description ("SPD") in Plaintiffs' possession does not specifically advise them that Union Central reserved the right to modify the Plan at anytime.  See Complaint Ex. A  On the other hand, the SPD makes no promise that severance benefits are vested or will vest, a point which Plaintiffs implicitly concede in their memorandum in opposition to the

2

motion to dismiss. Doc. No. 12, at 6.[1] Plaintiffs claim that there are no administrative remedies to exhaust because no such process has been communicated to them by Union Central nor is one included in the Plan itself. Id. ¶ 7. Plaintiffs also allege that exhausting administrative remedies would be futile because Union Central has already advised them that they would not receive severance benefits if they were offered similar positions with AUL. Id. ¶ 8.

On March 22, 2004, Plaintiffs Tamera Sears and Kim Corbett filed a complaint on behalf of themselves and a putative class of participants in the Plan to recover severance benefits under the terms of the Plan. Plaintiffs assert claims to recover plan benefits pursuant to 29 U.S.C. § 1132(a)(1)(B), for breach of fiduciary duty pursuant to 29 U.S.C. § 1104(a), and for injunctive or other equitable relief pursuant to 29 U.S.C. § 1132(a)(3). Plaintiffs' breach of fiduciary duty claim appears to allege that Union Central failed to administer the Plan for the benefit of the participants in accordance with its terms. Plaintiffs' claim for injunctive relief seeks to compel Union

---

[1] Here, Plaintiffs state: "Plaintiffs recognize that the severance benefits they seek did not vest until they met the conditions stated in the Plan." The Plan does not include any vesting schedule. Thus, Plaintiffs' statement can only be interpreted to mean that they admit that their severance benefits "vest" when they become entitled to receive them because they were terminated for reasons other than cause.

Central to pay them and the class members severance pay benefits under the Plan.

Union Central moves to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Union Central argues that Plaintiffs have not alleged any facts which show that they are entitled to severance benefits under the Plan as amended. Union Central argues that it had the right to modify or amend the terms of Plan at any time and that the facts alleged in the complaint establish that Plaintiffs accepted employment with AUL which they do not allege is not substantially similar (even though they do allege their terms of employment are different). Union Central also argues that it was not acting as fiduciary when it amended the Plan. Union Central further contends that none of the facts alleged establish that it breached its fiduciary duty in administering the Plan. Additionally, Union Central points out that Plaintiffs failed to exhaust the Plan's administrative remedies and contends that they have failed to adequately plead futility. Finally, Union Central argues that Plaintiff's claim for injunctive relief is really just a claim for recovery of plan benefits, and therefore fails to state a claim under § 1132(a)(3). The Court agrees with Union Central that Plaintiffs' complaint must be dismissed.

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. In its consideration

of a motion to dismiss under Rule 12(b)(6), the court is required to construe the complaint in the light most favorable to the Plaintiff and accept all well-pleaded factual allegations in the complaint as true. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) and Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983). A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. Blackburn v. Fisk University, 443 F.2d 121, 124 (6th Cir. 1974). A court will, though, accept all reasonable inferences that might be drawn from the complaint. Fitzke v. Shappell, 468 F.2d 1072, 1076-77 n.6 (6th Cir. 1972).

When considering the sufficiency of a complaint pursuant to a Rule 12(b)(6) motion, this Court recognizes that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-6 (1957).

As further clarified in their memorandum in opposition to Union Central's motion to dismiss, Plaintiff's claim for benefits rests on the following syllogism. The SPD in Plaintiffs' possession did not inform them of all of the circumstances which could affect their eligibility for severance benefits nor did it inform them that Union Central could modify or amend the terms of the Plan. Therefore, the March 17, 2003 amendment which changed the eligibility requirements for

5

severance benefits under the Plan are without force and effect. Consequently, the terms of the Plan prior to the March 17, 2003 are controlling. Under the pre-amendment Plan, participants who were terminated for reasons other than cause are entitled to severance benefits. Plaintiffs were terminated for reasons other than cause when Union Central it sold their business unit to AUL. Therefore, they are entitled to severance benefits under the Plan.

Plaintiff's syllogism rests on one faulty premise, however - that Union Central was required to disclose in the SPD its reservation of rights to modify or amend the Plan benefits. To the contrary, however, employers are not required to disclose in a welfare benefit plan SPD that benefits are not vested and that they may be subject to change by the employer. Nor is the employer required to disclose in the SPD that it has reserved its right to modify or amend plan benefits. Sprague v. General Motors Corp., 133 F.3d 388, 401-02 (6th Cir. 1998); James v. Pirelli Armstrong Tire Corp., 305 F.3d 439, 451 (6th Cir. 2002).[2] In this case, the SPD attached to the complaint makes no representations regarding the vesting of benefits. Additionally,

---

[2] Interestingly, neither side has cited Sprague or Armstrong in its papers although both cases seem clearly to control disposition of the case. Since both sides apparently overlooked these cases, it appears to be nothing more than an oversight, as opposed to a failure to disclose controlling or conflicting authority.

as noted, Union Central was not required to disclose in the SPD that it reserved the right to amend Plan benefits.  Therefore, the pre-amendment SPD does not control Plaintiff's entitlement to severance benefits.

Instead, Union Central's March 17, 2003 amendment of the plan is valid and, according to the allegations in the complaint, shows that Plaintiffs are not entitled to severance benefits unless the jobs offered to them by AUL were not substantially similar.  Although the complaint alleges that Plaintiffs' terms of employment with AUL are materially different, as Union Central persuasively argues, in order to justify bypassing the plan administrative process, Plaintiffs must concede that their new jobs are substantially similar because they rely on statements by Union Central that they would not be entitled to severance benefits if their jobs offers with AUL were for substantially similar positions.  Complaint ¶ 8.  In other words, if the March 2003 amendment is valid and binding on Plaintiffs, which it is, the administrative process can only be futile for Plaintiffs if they admit that their new jobs are substantially similar to their old ones.  Otherwise, Plaintiffs would have the possibility of obtaining an administrative decision that they are entitled to severance benefits because their new jobs are not substantially similar to their old ones. In any event, the complaint overall is clear and, Plaintiffs

7

admit in their brief, that their claim for severance benefits is not based on a contention that their new jobs are not substantially similar to their old ones under the terms of the March 2003 plan amendment.  To the contrary, Plaintiffs claim that the March 2003 plan amendment is invalid as to them and that that they are entitled to severance benefits under the terms of the old plan.[3]  Therefore, the Court finds that the allegation that the terms and conditions of Plaintiffs' employment with AUL are materially different does not prevent the Court from dismissing their § 1132(a)(1)(B) claims.

The complaint also fails to state a claim for breach of fiduciary duty.  An employer is not a plan fiduciary when it amends a plan.  <u>Musto v. American Gen. Corp.</u>, 861 F.2d 897, 912 (6th Cir. 1988).  The complaint does not otherwise allege that Union Central failed to administer the severance plan in accordance with its terms and conditions as amended.

---

[3]    In their memorandum in opposition to the motion to dismiss, Plaintiffs state:

> Defendant erroneously presumes that the basis for this action is that Plaintiffs were not offered substantially similar employment.  That presumption is incorrect since the nature of Plaintiffs' subsequent employment is irrelevant.  Their action is based on the plain language of the original Plan #510 which is silent on the concept of ineligibility based on substantially similar employment.

Doc. No. 12, at 32.

Accordingly, the complaint does not state a claim for breach of fiduciary duty.

Finally, Plaintiffs' claim for injunctive relief fails to state a claim as well. This claim prays the Court to compel Union Central to pay Plaintiffs severance benefits in accordance with the terms of the Plan. In reality, this is a claim for recovery of plan benefits, which does not state a claim under § 1132(a)(3). <u>Wilkins v. Baptist Healthcare Sys., Inc.</u>, 150 F.3d 609, 615-16 (6th Cir. 1998). Here Plaintiffs also pray for an order compelling payment of prejudgement interest, but since they have failed to state a claim for recovery of severance benefits, their derivative claim for prejudgment interest fails as well. Accordingly, the complaint fails to state a claim under § 1132(a)(3) for injunctive or other equitable relief.

Plaintiffs also move to strike Union Central's Exhibit A from its motion to dismiss. Exhibit A is a entitled "Choices" and purports to be the entire SPD for the severance plan, as well as the other ERISA plans maintained by Union Central. The Choices document directly refutes Plaintiffs' assertion that the Union Central failed to disclose its reservation of rights to modify plan benefits. Union Central argues that the Court may consider this document on a Rule 12(b)(6) motion pursuant to <u>Weiner v. Klais & Co., Inc.</u>, 108 F.3d 86 (6th Cir. 1997), because it is the complete writing of a document referred to by

9

Plaintiffs in their complaint and is central to their claims. Plaintiffs apparently contest the authenticity of the exhibit and claim they never received a copy of the entire document during their employment with Union Central. Union Central is probably correct that the Court could consider the entire document in ruling on the motion to dismiss, but since Union Central was not required to disclose its reservation of rights in the SPD and the excerpts relied on by Plaintiffs do not otherwise indicate that severance benefits vest or that Union Central waived any right to amend plan benefits, the motion to strike is moot.

## Conclusion

In conclusion, for the reasons stated, the complaint fails to state any claim for relief. Accordingly, Union Central's motion to dismiss is well-taken and is **GRANTED**. Plaintiffs' motion to strike Defendant's exhibit A to its motion to dismiss is **MOOT**.

**IT IS SO ORDERED**

Date  May 10, 2005                    s/Sandra S. Beckwith
                                   Sandra S. Beckwith, Chief Judge
                                     United States District Court