IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TAMERA K. SEARS, *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:04-CV-215 |
| | ) | |
| vs. | ) | Judge Sandra S. Beckwith |
| | ) | |
| THE UNION CENTRAL LIFE INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

O R D E R

This matter is before the Court on Plaintiffs' motion for reconsideration of this Court's order granting Defendant's motion to dismiss (Doc. No. 22). For the reasons set forth below, Plaintiffs' motion is **GRANTED** in part and **DENIED** in part.

I. Procedural History

Plaintiffs were employed by Union Central Life Insurance Company ("Union Central") and participated in the Union Central Severance Plan Number 510 ("the Plan"). Complaint ¶¶ 13-15. The Plan is a "welfare benefit plan" under the Employee Retirement Income Security Act of 1974 ("ERISA"). *Id*. ¶ 11. Prior to March 2003, plan participants were entitled to severance benefits if they were terminated for any reason other than just cause. On March 17, 2003, Union Central amended the Plan to provide that in the event Union Central sold a business unit, Plan participants who were offered substantially similar jobs with the buyer would not receive severance benefits. *Id*. ¶ 23.

On March 19, 2003, Union Central sold Plaintiffs' business unit to American United Life Insurance Company ("AUL"). Plaintiffs were offered and accepted jobs with AUL. *Id*. ¶ 38.

-1-

Union Central terminated Plaintiffs on May 21, 2003. *Id*. ¶¶ 36-37.

The summary plan description ("SPD") in Plaintiffs' possession does not specifically advise employees that the Plan had been amended or that Union Central reserved the right to modify the Plan at any time. *See* Complaint Ex. A. However, the SPD also does not state that severance benefits are vested or will vest. *See* Pl.'s Memo. in Opposition to Def.'s Mot. to Dismiss (Doc. No. 12).

On March 22, 2004, Plaintiffs Tamera Sears and Kim Corbett filed a complaint on behalf of themselves and a putative class of participants to recover severance benefits under the terms of the Plan. Plaintiffs assert claims to recover benefits pursuant to 29 U.S.C. § 1132(a)(1)(B), breach of fiduciary duty pursuant to 29 U.S.C. § 1004(a), and for injunctive or other relief pursuant to 29 U.S.C. § 1132(a)(3). All claims are based on the argument that the March 2003 amendment is invalid as to Plaintiffs and that Plaintiffs are therefore entitled to severance benefits under the terms of the pre-amendment Plan.

On April 26, 2004, Union Central filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. No. 10). Union Central argued that Plaintiffs failed to allege any facts which show they are entitled to severance benefits under the Plan as amended. Union Central also argued that it could change the terms of the Plan at any time without expressly reserving the right to amend in the SPD.

On May 10, 2005, this Court entered an order granting Union Central's Motion to Dismiss. Relying on *Sprague v. General Motors Corp.*, 133 F.3d 388, 401-402 (6th Cir. 1998), and *James v. Pirelli Armstrong Tire Corp.*, 305 F.3d 439, 451 (6th Cir. 2002), the Court found that an employer is not required to disclose in its SPD that benefits are not vested and may be

subject to change. Relying on the rule that an employer has the right to modify plan benefits without expressly reserving the right to do so in the SPD, the Court held that the complaint failed to state a claim for relief. The Court noted that neither party cited *Sprague* or *Armstrong*, although both seemed to clearly control the disposition of the case.

On May 19, 2005, Plaintiffs filed a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. No. 24). Plaintiffs argue that the Court committed clear errors of law in basing its decision on *Sprague* and in failing to consider Plaintiffs' discussion of *Sprague* in its memorandum in opposition to Defendant's motion to dismiss. Plaintiffs also argue that the Court's reliance on *Sprague* must be reconsidered in order to prevent manifest injustice. Plaintiffs urge that this Court's order should be altered and the judgment granting Defendant's motion to dismiss should be vacated.

## II. Standard of Review

A motion for reconsideration is not specifically provided for in the Federal Rules of Civil Procedure, but is often treated as a motion to alter or amend under Rule 59(e). *See McDowell v. Dynamics Corp. of America*, 931 F.2d 380, 382 (6th Cir. 1991); *Shivers v. Grubbs*, 747 F. Supp. 434, 436 (S.D. Ohio 1990). Generally, there are three situations which justify reconsideration under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; (3) to correct a clear error of law or to prevent manifest injustice." *In re Continental Holdings, Inc.*, 170 B.R. 919, 933 (Bankr. N.D. Ohio 1994); *Dualite Sales and Serv., Inc. v. Moran Foods, Inc.*, 2005 WL 2372847 at *1 (S.D. Ohio Sept. 26, 2005).

## III. Analysis

The Court overlooked Plaintiffs' discussion of *Sprague* when deciding Defendant's motion to dismiss. Because of this error, Plaintiffs' motion for reconsideration is granted to the extent that Plaintiffs are clearly entitled to a thorough review of this Court's reasoning in its order granting defendant's motion to dismiss. However, after taking into account Plaintiffs' arguments, *Sprague* still controls the outcome in this case. Therefore, Plaintiffs' motion is denied to the extent that the Court will not alter or amend its order.

Plaintiffs argue that the court should vacate its order in light of *Edwards v. State Farm Mut. Automobile Ins. Co.*, 851 F.2d 134, 136 (6th Cir. 1988). Under *Edwards*, "statements in a summary plan description are binding and if such statements conflict with those in the plan itself, the summary shall govern." *Id*. Relying on this rule, Plaintiffs argue that "It is the employer's duty to put the employees on notice of their rights under the plan in the SPD, and if it fails to adequately do so, it is precluded from enforcing plain language which conflicts with summary description language to the detriment of their employees." (Doc. No. 12). In short, Plaintiffs argue that the language in the Plan conflicts with the SPD because the SPD fails to mention the amendment or Union Central's right to amend. Because of this alleged conflict, Plaintiffs argue that the language in the SPD controls, not the terms of the Plan.

However, "the principle announced in *Edwards* does not apply to silence." *Sprague*, 133 F.3d at 401. Instead, where an SPD fails to include a detail contained within a welfare benefit plan, *Sprague* controls. Under *Sprague*, "An omission from the summary plan description does not, by negative implication, alter the terms of the plan itself." *Id*. By its very definition, a summary will not include every detail contained in the document it summarizes. *Id*. Therefore, an employer's failure to include a provision in an SPD does not mean that the provision is

-4-

invalid. *Id*. Were the rule otherwise, any challenged language contained in a welfare benefit plan, but not its corresponding SPD, would be invalid. This would require SPD's to be as detailed as the welfare benefit plans themselves, a result that would eliminate the benefits of providing employees with a brief plan summary.

Applying *Sprague* to the case at hand, the language in the Plan is valid. There was no conflict between the Plan and the SPD. Instead, Union Central failed to include the amendment or the right to amend in the SPD. However, this omission does not mean that the language in the Plan is invalid. Under *Sprague*, Union Central was not required to disclose the right to amend in the SPD. Therefore, the terms of the Plan control and Plaintiffs are not entitled to severance benefits.

In response to *Sprague*, Plaintiffs argue that the Department of Labor has used *Sprague* as an example of how federal courts have misinterpreted regulations as not requiring administrators of ERISA to disclose in their SPD's that their plans are subject to amendment or termination. 63 F.R. 48376, 48378 fn. 9 (Sept. 9, 1998). According to Plaintiffs, a Department of Labor regulation requires employers who maintain ERISA plans to clearly disclose that the plans are subject to amendment or termination, and that the regulation requires this disclosure to be in the SPD. 65 F.R. 70226, 70229 (Nov. 21, 2000).

Even if this Court were to ignore *Sprague* and find that this regulation requires Union Central to include the right to amend the Plan in the SPD, Plaintiffs are still not entitled to benefits. ERISA's civil remedy enforcement scheme is found in 29 U.S.C. § 1132. Section 1132 allows plan participants or beneficiaries to pursue claims under the statute, including actions to recover benefits due under a plan or for equitable relief. Although a court may impose

a fixed $100 per day penalty for procedural violations, the Sixth Circuit has consistently held that violations of the procedural sections of ERISA do not give rise to claims for substantive damages. *See e.g. Lake v. Metropolitan Life Ins. Co.*, 73 F.3d 1372, 1378 (6th Cir. 1996); *Crawford v. Roane*, 53 F.3d 750, 757 (6th Cir. 1995); *Lewandowski v. Occidental Chem. Co.*, 986 F.2d 1006, 1009-1010 (6th Cir. 1993); *Brown v. Ampco-Pittsburgh Corp.*, 876 F.2d 546, 550 (6th Cir. 1989). Even if Union Central should have included the right to amend the Plan in the SPD, that error would be procedural. As such, Plaintiffs are not entitled to substantive damages, including benefits under the Plan and equitable relief.

### IV. Conclusion

The Court overlooked Plaintiffs' discussion of *Sprague* in its memorandum in opposition to Defendant's motion to dismiss. Therefore, Plaintiffs' motion is **GRANTED** to the extent that the Court revisited whether *Sprague* controls the outcome in this case. However, upon reconsideration, the Court finds that *Sprague* is controlling. Under *Sprague*, Defendant was not required to disclose the right to amend in the SPD. Even if Defendant were required to disclose this information in the SPD pursuant to a Department of Labor regulation, procedural ERISA violations do not give rise to claims for substantive damages. Therefore, Plaintiffs' motion is **DENIED** to the extent that the Court will not alter or amend its order granting Defendant's motion to dismiss for failure to state a claim.

**IT IS SO ORDERED**

Date    November 28, 2005                    s/ Sandra S. Beckwith
                                             Sandra S. Beckwith, Chief Judge
                                             United States District Court